# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

ALBERTO GARCIA; MARIA GARCIA wife,

          Plaintiffs,

-vs-                                                          Case No. 2:09-cv-268-FtM-29SPC

AMERICAN SECURITY INSURANCE
COMPANY,

          Defendant.
_____

## ORDER

This matter comes before the Court on the Plaintiffs' Motion to Enforce Non-Party Deposition or in the Alternative, for Contempt (Doc. #28) filed on May 20, 2010. Non-Party Ocwen Loan Servicing, LLC has filed no objection. Pursuant to Local Rule 3.01(g), the Plaintiffs conferred with the Non-Parties Counsel but no response has been filed and the time to object has now expired. Therefore, the Court will review the Motion without the benefit of the Non-Parties response.

On April 7, 2010, Plaintiffs served Non-Party Ocwen with a subpoena duces tecum requesting that a representative of Ocwen appear for deposition and produce responsive documents. Ocwen is located in Wilmington, Delaware, but the subpoena requested that a corporate representative from Ocwen appear on April 26, 2010 in Miami, Florida. Plaintiffs believe the documents are relevant to the instant action and that a corporate representative from Ocwen would have the most knowledge of the loan that is the subject matter of this case.

After conferring with the Non-Parties Counsel via e-mail regarding the subpoena, the Non-Party failed to appear at the deposition, produce documents, or file objections to the subpoena with

the Court. Plaintiffs now move to compel a representative of Ocwen to appear for deposition and to produce responsive documents. In the alternative, Plaintiffs move for contempt against Ocwen.

Rule 45, Fed.R.Civ.P., governs discovery of non-parties by subpoena. ErinMedia, LLC v. Nielsen Media Research, Inc., 2007 WL 1970860 *1-2 (M.D. Fla. July 3, 2007). Pursuant to Rule 45(c), an attorney issuing a subpoena must take reasonable steps to avoid imposing undue burden on a person subject to the subpoena. In ruling on a motion to compel, the court must protect non-parties from "significant" expense. See Klay v. All Defendants, 425 F.3d 977, 984 (11th Cir. 2005). For a deposition, a non-party may be compelled to travel up to 100 miles from where it regularly transacts business. Cooper Tire v. Rubber Co. V. Farese, 423 F.3d 446, 452 (5th Cir. 2005).

In this instance, the Non-Party has failed to respond with either an objection or with the production of the requested documents and Plaintiffs believe that the requested deposition and documents are needed to adequately proceed with their case. Thus, the Court will enforce the subpoena duces tecum and allow the requested deposition of Ocwen and the requested discovery, but finds that it would be a significant expense and thus an undue burden on Ocwen as a Non-Party to appear in Miami, Florida. It appears that none of the corporate witnesses who would be designated to testify on Ocwen's behalf reside or regularly do business within 100 miles of Miami and none of the responsive documents are located within 100 miles of Miami. Thus, the deposition and production of documents is to take place in or near Wilmington, Delaware at a location that is mutually agreeable to the Non-Party and Parties.

Accordingly, it is now

**ORDERED:**

The Plaintiffs' Motion to Enforce Non-Party Deposition or in the Alternative, for Contempt (Doc. #28) is **GRANTED** in part and **DENIED** in part.

(1)  A representative for Non-Party Ocwen shall appear for deposition in or near Wilmington, Delaware and produce the requested documents.

(2)  Plaintiffs request for contempt against Ocwen is denied.

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of June, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record