**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ALBERTO GARCIA; MARIA GARCIA wife,

            Plaintiffs,

-vs-                                        Case No. 2:09-cv-268-FtM-29SPC

AMERICAN SECURITY INSURANCE
COMPANY,

            Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiffs' Second Motion to Enforce Non-Party Deposition or in the Alternative, For Contempt (Doc. #42) filed on July 23, 2010.

On April 7, 2010, Plaintiffs served Non-Party Ocwen with a subpoena *duces tecum* requesting that a representative of Ocwen appear for deposition and produce responsive documents. Ocwen is located in Wilmington, Delaware, but the subpoena requested that a corporate representative from Ocwen appear on April 26, 2010 in Miami, Florida. Plaintiffs believe the documents are relevant to the instant action and that a corporate representative from Ocwen would have the most knowledge of the loan that is the subject matter of this case.

After conferring with the Non-Parties Counsel via e-mail regarding the subpoena, the Non-Party has continually failed to appear at the deposition, produce documents or file objections to the subpoena with the Court. Plaintiffs previously moved to compel a representative of Ocwen to appear for deposition and to produce responsive documents. On June 8, 2010, this Court granted Plaintiffs' Motion to Compel, but held that the deposition and production of documents was to take place in

or near Wilmington, Delaware, because this is where Ocwen's witnesses and responsive documents are located. (Doc. #31).

Plaintiff has now filed another Motion to Compel Non-Party Deposition, stating that although several dates have been provided to Ocwen for scheduling the deposition, Ocwen has failed to respond to Plaintiff and set a date for the deposition to take place prior to the discovery cut-off and response to summary judgment deadline of July 30, 2010.

Federal Rule 45(a)(2)(B) & (C) requires that a subpoena *duces tecum* for attendance at a deposition issue from the district where the deposition and production of documents is to take place. "[W]hen the subpoena for production of documents is attached to a subpoena for deposition, the whole subpoena may issue from the district which is appropriate for a deposition subpoena." Hallamore Corp. v. Capco Steel Corp., 259 F.R.D. 76, 78 n.7 (D. Del. 2009). The Subpoena that the Court has been provided shows that it was issued out of the Middle District of Florida, even though the deposition is to take place in Delaware. Thus, the proper procedure is for Plaintiff to file a Subpoena with the District of Delaware. The form to do so may be found on that court's website. Thereafter, the Delaware court will open a miscellaneous case. Once the Subpoena is issued out of the District of Delaware, this Court has no jurisdiction to decide Motions regarding the Subpoena. "[T]his Court has no jurisdiction over any subpoena not issued by this Court. . ." Rivertree Landing, LLC v. Murphy, 2007 WL 3333351, *1 (M.D. Fla. 2007). Thus, any further Motions regarding the Subpoena issued out of the District of Delaware must be filed in the miscellaneous case with that court.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Second Motion to Enforce Non-Party Deposition or in the Alternative, For Contempt (Doc. #42) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___27th___ day of July, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record